# EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA

ANTHONY OHAI,

    *Plaintiff,*

    vs.

JPMORGAN CHASE BANK, N.A.,

    *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. AR-21-_____

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
Anthony Ohai

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

Justin M. Bahorich
Pa. I.D. No. 329207

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    jbahorich@jpward.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA

ANTHONY OHAI,

   *Plaintiff,*

  vs.

JPMORGAN CHASE BANK, N.A.,

   *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. AR-21-_____

## COMPLAINT

AND NOW, comes Plaintiff, Anthony Ohai, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, JPMorgan Chase Bank, N.A., of which the following is a statement:

## PARTIES

1. Plaintiff, Anthony Ohai (hereinafter "Anthony Ohai"), is an adult individual who currently resides at 44 Underwood Road, Levittown, Pennsylvania 19056-2630.

2. Defendant, JPMorgan Chase Bank, N.A., (hereinafter "Defendant JP Morgan"), is a corporation with its principal place of business located at 1111 Polaris Parkway Columbus, Ohio 43240

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 42 Pa.C.S.A. § 931(a), as Plaintiff brings this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. § 1681, *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 Pa. C.S.A. § 2270.1 *et seq*, and the Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1, *et seq.*

2

4.     Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5.     On or about April 24, 1998, Anthony Ohai and Defendant JP Morgan entered into a mortgage agreement.

6.     Anthony Ohai promptly tendered monthly mortgage payments at all times relevant hereto.

7.     Anthony Ohai disputed the accuracy of Defendant JP Morgan's representation that he had missed a payment in May of 2019.

8.     Upon information and belief, Defendant JP Morgan failed to conduct a reasonable investigation after receiving Anthony Ohai's notice of dispute.

9.     Thereafter, Defendant JP Morgan failed to remove and/or correct the information it furnished to credit reporting agencies.

10.     At all times relevant hereto, Defendant JP Morgan continues to falsely furnish Anthony Ohai's payment information for May 201i to credit reporting agencies.

11.     On or about May 2019, Defendant JP Morgan furnished erroneous information– that Anthony Ohai missed a mortgage payment–to credit reporting agencies. A true and correct copy of Anthony Ohai's credit report is attached hereto, made a part hereof and marked as Exhibit "A".

12.     However, Anthony Ohai had sent a check to Defendant JP Morgan who accepted and processed the check on or about May 15, 2019. A true and correct copy of Anthony Ohai's May 2019 bank statement is attached hereto, made a part hereof and marked as Exhibit "B".

13.     Defendant JP Morgan violated Section 1681s-2(b)(1) of the Fair Credit Reporting Act (hereinafter "FCRA") by failing to conduct a fair or legitimate investigation after receiving notice of the dispute, failed to remove the error, and at all times relevant hereto reported the abovementioned payment as "Missed" and "Late". See Exhibit "A".

14.     Defendant JP Morgan engaged in false, deceptive and misleading conduct when it accepted/retained Plaintiff's payment, reported the payment as missed, furnished inaccurate information to credit reporting agencies and failed to conduct a reasonable and fair investigation to remedy the discrepancy thereafter.

15.     Defendant JP Morgan's self-dealing and undiligent practices were undertaken to avoid conducting a fair and reasonable investigation into Anthony Ohai's dispute.

16.     Defendant JP Morgan's conduct was deceptive, misleading, commercially unreasonable and below industry standards.

17.     As a result of Defendant JP Morgan's conduct, Plaintiff Anthony Ohai has suffered and will continue to suffer damages.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C.A. § 1681, *et seq.***

18.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

19.     Anthony Ohai is a "consumer" as defined by § 1681a(c) of the FCRA. 15 U.S.C.A. § 1681a(c).

20.     JP Morgan are "persons" as defined by § 1681a(b) of the FCRA. 15 U.S.C.A. § 1681a(b).

21.    Section 1681s-2(b)(1) of the FCRA provides:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:
> (A) conduct an investigation with respect to the disputed information;  (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C.A. § 1681s-2(b)1.

22.    On or about May 2019, Defendant JP Morgan furnished erroneous information–that Anthony Ohai missed a mortgage payment–to credit reporting agencies. *See* Exhibit "A".

23.    However, Anthony Ohai had sent a check to Defendant JP Morgan who accepted and processed the check on or about May 15, 2019. *See* Exhibit "B".

24.    Anthony Ohai disputed the accuracy of Defendant JP Morgan's representation that he had missed payment in May 2019.

25.    Upon information and belief, Defendant JP Morgan failed to conduct an investigation after receiving Anthony Ohai's notice of dispute.

26.    Thereafter, Defendant JP Morgan failed to remove and/or correct the information it furnished to credit reporting agencies.

27.     At all times relevant hereto, Defendant JP Morgan continues to falsely furnish Anthony Ohai's payment information for May 2019 to credit reporting agencies.

28.     Defendant JP Morgan violated Section 1681s-2(b)(i-ii) of the Fair Credit Reporting Act (hereinafter "FCRA) by failing to conduct a fair or legitimate investigation after receiving notice of the dispute, failed to remove the error, and at all times relevant hereto reported the abovementioned payment as "Missed" and "Late". See Exhibit "A".

29.     By doing so, Defendant JP Morgan engaged in willful non-compliance with the FCRA.

30.     Section 1681n(a) of the FCRA provides:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C.A. § 1681n(a).

31.     As a direct and proximate result of Defendant JP Morgan's violations of § 1681s-2(b)(1)(E) of the FCRA, Anthony Ohai has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA FAIR CREDIT
## EXTENTION UNIFORMITY ACT and UTPCPL
## 73 C.S.A. § 2270, *et seq.*

32.     Plaintiff hereby incorporates the foregoing paragraphs as if set forth at length.

33.     The conduct of Defendant JP Morgan, their agents, servants, representatives, managers, attorneys, clients and/or employee, as described *supra* was a violation of the PFCEUA, which states that "… a creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:"

> (i)     The false representation of the character, amount or legal status of any debt;
>
> (ii)    The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;
>
> (iii)   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.

73 Pa. C.S.A. § 2270.4(b)(5)(ii,vii, viii),

34.     Indeed, it was entirely false, deceptive and misleading for Defendant JP Morgan to cash the check, report the payment as missed, and fail to conduct a reasonable and fair investigation to remedy the discrepancy, all to the detriment of Plaintiff.

35.     Further, the PFCEUA states in pertinent part: "A creditor may not use unfair or unconscionable means to collect or attempt to collect ay debt. Without limited the general application of the foregoing, the following conduct is a violation of this paragraph:

>    (i)  The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

73 Pa. C.S.A. § 2270.4(b)(6)(i).

36.     Indeed, it was entirely false, deceptive and misleading for Defendant JP Morgan to cash the check, report the payment as missed, and fail to conduct a reasonable and fair investigation to remedy the discrepancy, all to the detriment of Plaintiff.

37.     Plaintiff justifiably relied upon Defendant JP Morgan's deceptive statements and misrepresentations.

38.     The PFCEUA § 2270.5 (a) provides that, "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of . . . the Unfair Trade Practices and Consumer Protection Law."

39.     The UTPCPL § 201-9.2 states that a plaintiff "may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

40.     As a direct and proximate result of Defendant JP Morgan's violations of the PFCEUA, Plaintiff has suffered and will continue to suffer damages.

**COUNT III**
**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION LAW**
**73 P.S. § 201-1, *et seq.***

41.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

42.     Plaintiff and Defendant are "persons" as defined by 73 P.S. § 201-2(2) of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

43.     Defendant JP Morgan's sale of the mortgage to Plaintiff constitutes "trade" and "commerce" as defined by 73 P.S. § 201-2(3).

44.     The UTPCPL protects consumers from "unfair methods of competition and unfair or deceptive acts or practices" explicitly delineated in 73 P.S. § 201-2(4)(i)-(xxi).

45.     Defendant JP Morgan's conduct in the furnishing incorrect and/or disputed information and failure to conduct a reasonable investigation thereafter constituted unfair, deceptive or fraudulent actions declared as unlawful by the UTPCPL including, but not limited to the following:

      i.     Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; 73 P.S. § 201-2(4)(ii);

      ii.    Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another; 73 P.S. § 201-2(4)(iii);

      iii.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not

9

have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have; 73 P.S. § 201-2(4)(v);

    iv.    Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; 73 P.S. § 201-2(4)(vii);

    v.    Advertising goods or services with the intent not to sell them as advertised; 73 P.S. § 201-2(4)(ix);

    vi.    Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made; 73 P.S. § 201-2(4)(xiv);

    vii.    Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding; 73 P.S. § 201-2(4)(xxi).

46.    Plaintiff justifiably relied upon Defendant JP Morgan's deceptive statements and misrepresentations.

47.    Section 201-9.2(a) of the UTPCPL creates a private right of action for consumers which states, in pertinent part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

48.    Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit.

Such actual damages may be assessed and trebled at the discretion of the court, in addition to such other relief as deemed just and proper.

49.     Defendant JP Morgan engaged in false, deceptive and misleading conduct when it accepted/retained Plaintiff's payment, reported the payment as missed, furnished inaccurate information to credit reporting agencies and failed to conduct a reasonable and fair investigation to remedy the discrepancy thereafter.

50.     Defendant JP Morgan's self-dealing and undiligent practices were undertaken to avoid conducting a fair and reasonable investigation into Anthony Ohai's dispute.

51.     Defendant JP Morgan's conduct was deceptive, misleading, commercially unreasonable and below industry standards.

52.     As a direct and proximate result of Defendant JP Morgan's tortious, intentional, wanton, willful and reckless conduct, Plaintiff has suffered and will continue to suffer damages.

53.     Defendant JP Morgan's actions were willful, wanton, oppressive, outrageous, and intentional.  Therefore, the imposition of punitive damages is appropriate in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Anthony Ohai requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, JPMorgan Chase Bank, N.A., as follows:

A.  Ordering Defendant to pay actual, statutory, treble and/or punitive damages to Plaintiff in an amount within arbitration limits as a result of Defendant's unlawful conduct;

B.  Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff;

C.  Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

D.  Ordering such other and further relief as may be just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: August 12, 2021

By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Justin M. Bahorich (Pa. I.D. No. 329207)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

## VERIFICATION

I, ANTHONY OHAI, hereby state that the facts set forth are true and correct to the best of my knowledge, information, and belief.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.


Signed,


_____                Date: ___8 - 12 - 2021___

Anthony Ohai

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Attorney for Plaintiff</u>

Signature: _____

Name:  <u>Justin M. Bahorich</u>

Attorney No.:  <u>329207</u>

# Exhibit A

15:18 

# Account Details

## Experian Credit Report
As of: **03.04.2021**

**700 KANSAS LN
MONROE, LA 71203**

**Data Unavailable**
- - - - - - - - - - - - -
March 2021

nt **History**

| | | | |
|---|---|---|---|
| 03/21 | 02/21 | 01/21 | 12/20 |
| 11/20 | 10/20 | 09/20 | 08/20 |
| 07/20 | 06/20 | 05/20 | 04/20 |
| 03/20 | 02/20 | 01/20 | 12/19 |
| 11/19 | 10/19 | 09/19 | 08/19 |
| 07/19 | 06/19 | 05/19 | 04/19 |

15:22

# Payment History



**99%**

**On-time Payments 164**

Total Payments 165

**HIGH IMPACT**



| <97% | 97% | 98% | 99% | 100% |

Is this right? If you didn't miss a payment, you can file a dispute with the **credit bureau**.

---

REAL ESTATE LOANS

**Jpmcb - Home Lending**                    **1 Missed** ›
on-time

---

TIPS

Consider consolidating your debt with a personal loan so that you have fewer bills to worry about. **See personal loan offers**

Too many bills to keep track of? Set up payment reminders or automatic bill pay



15:21

# Jpmcb Home

Last reported to TransUnion on Mar 5, 2021



## JPMCB HOME

Opened: Apr 24, 1998 (22 yrs, 10 mos)

**GOOD STANDING**

**Balance: $85,742**

**Payment Status: Current**



|  | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | ● | ● | | | | | | | | | | |
| 2020 | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| 2019 | ● | ● | ● | ● | 🟡 | ● | ● | ● | ● | ● | ● | ● |
| 2018 | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| 2017 | | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |

● Current

🟡 30-59 Days Late

Last payment: Feb 13, 2021

Monthly payment: $0

 Today    Credit    Money    Explore

15:21

<

# Payment History

**99%**

**On-time Payments 167**

Total Payments 168

**HIGH IMPACT**

| <97% | 97% | 98% | 99% | 100% |
|------|-----|-----|-----|------|

Is this right? If you didn't miss a payment, you can file a dispute with the **credit bureau**.

REAL ESTATE LOANS

**Jpmcb Home**       **1 Missed** >

on-time

TIPS

Too many bills to keep track of? Set up payment reminders or automatic bill pay.

Consider consolidati~~~~~~~~~~~with a personal loan so



Today     Cred~~~ ~~~oney     Explore

# Exhibit B



**Statement Period 05/01/19 TO 05/31/19**
**SIMPLY RIGHT CHECKING**

For your convenience our Customer Service Center is
available from 6 am - 10 pm EST, 7 days a week.
Call us at 1-877-768-2265
Hearing impaired may call 1-800-428-9121 (TTY/TTD).
www.santanderbank.com

**ANTHONY OHAI**
**44 UNDERWOOD RD**
**LEVITTOWN PA 19056-2630**

0000
7 7 31

---

## Set your PIN on the go.

For your anytime, anywhere convenience, now you can change your ATM, Debit, or Credit Card PIN right in our Mobile Banking App.

*Get the App today.*

0406MPIN  271505  05/01/2019

---

| SIMPLY RIGHT CHECKING | Statement Period 05/01/19 - 05/31/19 |
|---|---|

**ANTHONY OHAI**                                          Account # ▮▮▮▮▮

### Balances

| | | | |
|---|---|---|---|
| Beginning Balance | $352.01 | Current Balance | $18.93 |
| Deposits/Credits | +$1,579.78 | Average Daily Balance | $258.83 |
| Withdrawals/Debits | -$1,912.86 | | |

### Overdraft/Returned Item Fee Summary

| Fee description | Total for this statement period | Total year to date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $35.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

### Checks Posted

| Check # | Date Paid | Amount | Reference |
|---|---|---|---|
| E 5030 | 05/15 | $1,175.81 | JPMChase Bank NA C |

**1  Check(s) Posted = $1,175.81**

An (E) indicates check was converted to an electronic item.

### Account Activity

| Date | Description | Additions | Subtractions | Balance |
|---|---|---|---|---|
| 05-01 | **Beginning Balance** | | | $352.01 |
| 05-01 | COMCAST HORSHA1 HORSHAM /PA US CARD PURCHASE | | $3.45 | $348.56 |
| 05-01 | COMCAST HORSHA1 HORSHAM /PA US CARD PURCHASE | | $5.57 | $342.99 |
| 05-02 | COMCAST HORSHA1 HORSHAM /PA US CARD PURCHASE | | $5.57 | $337.42 |

<u>**Page 1 of 4**</u>



Santander Bank, N.A. is a Member FDIC and a wholly owned subsidiary of Banco Santander, S.A. ©2019 Santander Bank, N.A. All rights reserved. Santander, Santander Bank, the Flame Logo, and Extra 20 (for checking account services) are registered trademarks, and Extra 20 (for savings account services) is a service mark of Banco Santander, S.A. or its affiliates in the United States or in other countries.



## Account Activity (Cont. for Acct# ██████████)

| Date | Description | Additions | Subtractions | Balance |
|---|---|---|---|---|
| 05-03 | 000000005981402 TRIAL CR 190501 | $0.46 | | $337.88 |
| 05-03 | 000000005981402 TRIAL CR 190501 | $0.07 | | $337.95 |
| 05-03 | MOD PIZZA WILLO WILLOW GROVE /PA US CARD PURCHASE | | $21.25 | $316.70 |
| 05-03 | COMCAST HORSHA1 HORSHAM /PA US CARD PURCHASE | | $5.57 | $311.13 |
| 05-06 | HERTZ RENT-A-CA FAIRLESS HILL /PA US CARD PURCHASE | | $17.29 | $293.84 |
| 05-07 | PAYPAL *BARNESN 4029357733 /NY US CARD PURCHASE | | $13.14 | $280.70 |
| 05-07 | PENTAGON FEDERAL TRIAL DR 190503 | | $0.53 | $280.17 |
| 05-10 | COMCAST PAYROLL ******18 | $431.05 | | $711.22 |
| 05-10 | OPUS VIRTUAL OF BOCA RATON /FL US CARD PURCHASE | | $99.00 | $612.22 |
| 05-10 | PENTAGON FEDERAL TRNSFR DR 190508 | | $10.00 | $602.22 |
| 05-13 | ATM DEPOSIT D658 Langhorne /PA | $500.00 | | $1,102.22 |
| 05-14 | ATM DEPOSIT D658 Langhorne /PA | $300.00 | | $1,402.22 |
| 05-15 | JPMChase Bank NA CHECK PYMT051419 5030 | | $1,175.81 | $226.41 |
| 05-17 | CITIBANK, N.A. SIOUX FALLS /SD US CARD PURCHASE | | $10.00 | $216.41 |
| 05-17 | SQU*SQ *TONY'S Levittown /PA US CARD PURCHASE | | $7.09 | $209.32 |
| 05-17 | APL*ITUNES.COM/ 866-712-7753 /CA US CARD PURCHASE | | $0.99 | $208.33 |
| 05-17 | AMEX EPAYMENT ACH PMT 190517 | | $3.59 | $204.74 |
| 05-17 | AMEX EPAYMENT ACH PMT 190517 | | $6.99 | $197.75 |
| 05-17 | AMEX EPAYMENT ACH PMT 190517 | | $22.09 | $175.66 |
| 05-17 | AMEX EPAYMENT ACH PMT 190517 | | $50.00 | $125.66 |
| 05-17 | AMEX EPAYMENT ACH PMT 190517 | | $73.64 | $52.02 |
| 05-20 | CASH WITHDRAWAL VV0825540000000 VV082554 LEVITTOWN /PA US | | $40.00 | $12.02 |
| 05-24 | COMCAST PAYROLL ******18 | $348.20 | | $360.22 |
| 05-24 | CASH WITHDRAWAL VV0825540000000 VV082554 LEVITTOWN /PA US | | $300.00 | $60.22 |
| 05-24 | TASTE NY - GATE KIRKWOOD /NY US CARD PURCHASE | | $2.27 | $57.95 |
| 05-28 | PANERA BREAD #6 ITHACA /NY US CARD PURCHASE | | $14.02 | $43.93 |
| 05-28 | CITIBANK, N.A. SIOUX FALLS /SD US CARD PURCHASE | | $20.00 | $23.93 |
| 05-28 | Jrs Express Car LEVITTOWN /PA US CARD PURCHASE | | $5.00 | $18.93 |
| 05-31 | **Ending Balance** | | | $18.93 |



## What You Need to Know About Overdrafts and Overdraft Fees

| Overview |
|---|
| An <u>overdraft</u> occurs when you do not have enough money in your account to cover a transaction, but we pay it anyway. We can cover your overdrafts in two different ways:<br>1.   We have **standard overdraft practices** that come with your account.<br>2.   We also offer an **overdraft protection plan** which allows you to link other accounts, such as a savings account or an Overdraft Line of Credit, to cover overdrafts in your checking account. This plan may be less expensive than our standard overdraft practices. To learn more, ask us about this plan.<br>This notice explains our **standard overdraft practices**. |

| **What are the <u>standard overdraft practices</u> that come with my account?** |
|---|
| We **do** authorize and pay overdrafts for the following types of transactions:<br><br>Þ  Checks and other transactions made using your checking account number    Þ  Recurring debit card transactions .<br>Þ  Automatic bill payments    Þ  Online Banking payments and transfers<br><br>We **do not** authorize and pay overdrafts for the following types of transactions unless you ask us to (see below):<br>ATM transactions<br>One-time Debit Card purchases    .<br><br>We pay overdrafts at our discretion, which means we do <u>not guarantee</u> that we will always authorize and pay any type of transaction. If we do <u>not</u> authorize and pay an overdraft, your transaction will be declined. |

| **What fees will I be charged if Santander pays an overdraft?** |
|---|
| Under our standard overdraft practices:<br>Þ  We will charge you a fee of up to **$35** each time we pay an overdraft (maximum of six (6) per business day) and<br>Þ  An additional one-time fee of **$35** will be charged on the sixth (6th) business day after your account has been overdrawn for five (5) consecutive business days. This charge generally applies to checking, savings and money market savings accounts. See the Fee Schedule for details. |

| **What if I want Santander to authorize and pay overdrafts on my ATM and one-time debit card transactions?** |
|---|
| If you want us to authorize and pay overdrafts on ATM and one-time debit card transactions, visit a Santander branch or call our Customer Service Center at 877-768-2265. |

| **Can I change my mind later?** |
|---|
| If you tell us that we are permitted to pay any overdrafts caused by ATM or one-time debit transactions, you can always change your mind and tell us you no longer want us to do this. **You can visit any Santander branch or call us at 877-768-2265 to tell us you no longer want us to pay these types of overdrafts**. |



---

### IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS

CALL YOUR CUSTOMER SERVICE CENTER AT THE NUMBER SHOWN ON THE TOP OF YOUR STATEMENT OR WRITE TO THE BANK

FOR DEBIT CARD ISSUES:

Santander Bank
Attn: Card Disputes Team
MAI MB3 02 05
P.O. Box 831002
Boston, MA 02283-1002

FOR ALL OTHER ELECTRONIC TRANSFER ISSUES:

Santander Bank
Attn: Client Relations
10-421-CR1
P.O. Box 12646
Reading, PA 19612-2646

Please contact us if you think information about an electronic transfer on your statement or receipt is wrong or if you need additional information about an electronic transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error appeared.

- Tell us your name and account number. ·
- Tell us the dollar amount of the suspected error.

- Describe the electronic transfer error or the electronic transfer that you are unsure about and explain as clearly as you can why you believe there is an error or why you need further information.

If you tell us orally, we may require you to send your complaint or question in writing within 10 business days.

We will promptly investigate the matter and call or write to you with an answer within 10 business days. If we need more time, we may take up to 45 days to investigate your complaint or question. If we do, we will credit your account within this 10-day period for the amount you think is in error, so you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may choose not to credit your account.

For errors involving new accounts, point of sale purchases or foreign transactions, we may take up to 90 days to investigate your complaint or question. For new accounts, we may take up to 20 business days to credit your account for the amount you think is in error.

We will tell you the results of our investigation within 3 business days after completing our investigation. If we decide there was no error, we will send you a written explanation. You may ask for copies of the documents we used in our investigation.

### IN CASE OF ERRORS OR QUESTIONS ABOUT OTHER TRANSACTIONS ON YOUR STATEMENT

You must contact us within thirty (30) days after you receive your statement if you think a transaction, other than an electronic transfer, shown on your statement is wrong or if you need more information about the transaction.

You may contact your nearest branch or our Customer Contact Center at 1-877-768-2265. Customers with hearing impairments may call 1-800-428-9121 (TTY/TDD). We will investigate your dispute and tell you the results of that investigation.

---